UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

BRIAN K RUBY,

    Plaintiff,

v.                               CAUSE NO.: 3:18-CV-890-JD-MGG

ERIC J HOLCOMB,

    Defendant.

OPINION AND ORDER

Brian K. Ruby, a *pro se* prisoner, has filed a complaint against 12 defendants alleging he was wrongfully terminated from the PLUS[1] program at the Westville Correctional Facility. ECF 2. Ruby alleges that his termination from the PLUS program was unconstitutional and occurred without due process.

Pursuant to 28 U.S.C. § 1915A, the court must review a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Courts apply the same standard under Section 1915A as when deciding a motion

---

[1] "The Purposeful Living Units Serve (PLUS) program is a faith and character-based re-entry initiative. [PLUS] offers participants alternatives for rehabilitation. Whether participants choose to learn from character-based materials or faith-based materials, the living units are geared towards teaching core fundamental values that challenge and focus on positive reinforcement through learned behavior. The emphasis on this voluntary initiative focuses on strengthening spiritual, moral, and character development as well as life-skills. This is the basis towards re-entry into the community." https://www.in.gov/idoc/2356.htm (last visited Dec. 11, 2018).

under Federal Rule of Civil Procedure 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). Furthermore, "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). To state claim under 42 U.S.C. § 1983, a plaintiff must allege: "(1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

At Westville, Ruby had the responsibility of observing offenders on suicide watch. He was to ensure that those offenders did not attempt to commit suicide. On Ruby's watch, another offender, Corey Lewis, attempted to harm himself. Prison officials blamed Ruby for not providing proper oversight.

Ruby was enrolled in the PLUS program at Westville, which made him eligible to earn a six-month time cut if he completed the program. However, on July 7, 2018, he was terminated from the PLUS program due to his alleged failure to properly observe Lewis. Ruby alleges that his termination from the PLUS program violated his Eighth Amendment rights. Further, he claims his due process rights under the Fourteenth Amendment were violated when his participation was terminated without a hearing. Neither of these allegations plausibly state a claim for relief.

Although Ruby asserts a federal right to continued participation in the PLUS program, "[t]here is no constitutional mandate to provide educational, rehabilitative, or vocational programs, in the absence of conditions that give rise to a violation of the Eighth Amendment." *Zimmerman v. Tribble,* 226 F.3d 568, 571 (7th Cir.2000) (internal

2

quotation omitted). Consequently, "the denial of access to educational programs does not infringe on a protected liberty interest." *Id.* Moreover, because the successful completion of an educational program is not inevitable, the denial of the opportunity to earn good time credits through educational programs "does not inevitably affect the duration of the sentence and does not deprive him of constitutional guarantees." *Id.* (internal quotation omitted); *see also Sandin v. Connor,* 515 U.S. 472, 487 (due process is required only when state action "will inevitably affect the duration of [a prisoner's] sentence"). Consequently, not only does Ruby have no constitutional right to continued participation in the PLUS program, but he cannot challenge the process he was given either. *See Zimmerman*, 226 F.3d at 571. As pled, the complaint does not state either an Eighth or Fourteenth Amendment claim.

Nevertheless, the court will grant Ruby an opportunity to file an amended complaint. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). Though it does not appear likely, Ruby may be able to add facts to show that the defendants' actions inevitably affected the duration of his sentence. *Zimmerman*, 226 F.3d at 571. If he chooses to file an amended complaint, a copy of this court's approved form – Prisoner Complaint (INND Rev. 8/16) – is available upon request from the prison law library.

For these reasons, the court,

(1) GRANTS Brian K. Ruby until <u>January 22, 2019</u>, to file an amended complaint; and

(2) CAUTIONS Ruby that, if he does not respond by that deadline, this case will be dismissed without further notice.

3

SO ORDERED on December 21, 2018

                /s/ JON E. DEGUILIO
                JUDGE
                UNITED STATES DISTRICT COURT