UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF INDIANA

SOUTH BEND DIVISION

| | |
|---|---|
| BRIAN RUBY, | ) |
| PLAINTIFF, | ) |
| V. | )  case no. 3:18-cv-00890-JD-MGG |
| Indiana Dept of Corr., et al., | ) |
| DEFENDANTS, | ) |

### PLAINTIFF'S PROPOSED VERIFIED CIVIL RIGHTS COMPLAINT[1]

#### I. INTRODUCTION:

This is a civil rights action under 42 U.S.C.§§ 1983 and 2000cc-et seq., wherein the Plaintiff, Brian Ruby, a state prisoner alleges that defendants, while acting under color of state law violated Plaintiff's constitutional rights under the US Constitution, Amendments 1 and federal statutory rights under the Religious Land Use And Institutionalized Persons Act when they punished and retaliated against plaintiff for exercising his religious duty as a Christian to stand against oppression and speak up for the weak by terminating Plaintiff's rehabilitative time credit/cut program/job for verbal grievance about suicide watch inmates being unable to be seen due to the inadequate lighting in the suicide cells .Defendants failed to remedy those violations, after learning of the constitutional and statutory violations, which IDOC mandates in it's policies and IDOC having a policy, practice, or custom of First Amendment Retaliation and Substantially Burdening the sincerely held religious beliefs of inmates at WCC( and throughout IDOC). Plaintiff maintains state torts based on the same, of negligence, intentional infliction of emotional distress, negligent infliction of emotional distress, as well as Indiana's Religious Freedom Restoration Act (I.C. §34-13-9 et. seq.)

#### II. Parties:

1. Plaintiff, BRIAN RUBY is currently and was at all times relevant herein, is a US citizen and state prisoner confined at Westville Correctional Complex ("WCC") in LaPorte County, Indiana. It is located at 5501 South 1100 west Westville, Indiana 46391.

---

[1] Plaintiff's complaint "is the equivalent of an affidavit for summary judgment purposes" because he verified it under penalty of perjury. *See, e.g., Devbrow v. Gallegos,* 735 F.3d 584, 587 (7th Cir. 2013).

**EXHIBIT "A"**

2. Defendant, Indiana Department of Correction ("IDOC") oversees the safety and security operations for state run prisons throughout the state of Indiana, including at WCC. It is located at: 302 West Washington Street. Indianapolis, Indiana 46204.

3. Defendants Warden Mark Sevier, Deputy Warden of Operations Kenneth Gann, PLUS Supervisor Cheryl Thomas, Unit Team Manager Dennis Hood are/were employed by IDOC to perform various task for IDOC, including some at WCC. They are located at: 5501 South 1100 West Westville, Indiana 46391.

4. Defendants were acting under color of state law at all times relevant to the claims herein.

### III. Jurisdiction & Venue:

5. This action arises under and is brought pursuant to 42 U.S.C. §§1983 and 2000cc-et seq., to remedy the deprivation, under color of state law, of rights guaranteed by the 1st Amendment to US Constitution and statutory rights of Religious Land Use and Institutionalized Persons Act.

6. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343.

7. This Court has supplemental jurisdiction over the Plaintiff's state tort law claims under 28 §U.S.C. 1367.

8. Plaintiff claims for injunctive relief are authorized by Rule 65 of the Federal Rules of Civil Procedure.

9. This cause of action arose in the Northern District of Indiana. Therefore venue is proper under 28 U.S.C. § 1391.

### IV. Previous Lawsuits By Plaintiff:

10. Plaintiff has filed NO other lawsuits dealing with the same facts included in this action or otherwise relating to his imprisonment.

### V. Exhaustion:

11. Plaintiff has exhausted all administrative remedies available to him with respect to all claims.

### VI. Statement of Claim:

12. At all relevant times herein defendants were "persons" for purpose of 42 U.S.C. § 1983 and acted under color of law to deprive Plaintiff of his Constitutional and statutory rights, as set forth

### VII. Factual Allegations:

13. On August, 2017 Plaintiff was transferred to WCC.

14. On or about April 2018 Plaintiff began his rehabilitative time credit/cut program/job in Purposeful Living Unit Serves (herein after "PLUS").

15. Some of the Job/program requirements included but was not limited to Plaintiff observing inmates who have been placed in suicide watch.

16. On 7/7/2018, while doing his duty in observing one of the suicidal noted inmates; after numerous complaints and logs in the "Companion Observation Log", the inmate Plaintiff was charged with observing, tried to commit suicide.

#### (i.)Plaintiff Verbal Petition To Officers/Staff

17.. In June of 2018, Plaintiff, politely in a courteous tone/manner made a verbal[2] informal complaint(in accordance with both IDOC and PLUS program policies) with the PLUS (Purposeful Living Units Serve) Supervisor Ms. Thomas, in reference to safety and security issues for the "suicidal" inmates; Plus Offenders are given charge of observing. Plaintiff advised MS. Thomas, of the normal procedures followed at other IDOC facilities and alerted Thomas to the in ability of Plaintiff being able to see the suicide watch inmates while on duty due to the light switches being inside the suicide watch cells and them routinely being in the "off" postion, and went on further to attempt to address those concerns with defendants Sevier & Pazora. However, no actions or responses were made other then the threats made towards Plaintiff described infra, and the same risk to other inmates still remained.

18. Defendants, Ms. Thomas and Mr. Hood (UTM) both advised Plaintiff to "tone it down and quit rocking the boat, or else they would find someone else to fill his spot."

19. Plaintiff also asserts, that he was advised by several staff members involved ( Mr. Hood UTM , PLUS Coordinator Ms. Thomas), to take it up with the warden Mr. Seveir, "that he should not make complaints".

20. The listed Defendants, purposefully attempted to "cover-up" their lack of due diligence and ability to properly care for the persons entrusted in their care. Because of this, and the

---

[2] The Seventh Circuit has, "decline[d] to hold that legitimate complaints lose their protected status simply because they are spoken. Nothing in the First Amendment itself suggests that the right to petition for redress of grievances only attaches when the petitioning takes a specific form."Pearson v. Welborn, 471 F.3d 732, 741 (7th Cir. 2006).

**EXHIBIT "A"**

Plaintiff who had a protected right in redressing a complaint, these defendants purposely retaliated against the Plaintiff.. The Plaintiff, after being accepted and participating in his rehabilitative program, gained a "liberty interest", due to the programs providing a 6 month credit time grant, releasing him from prison. Defendant Mr. Seveir , along with the other defendants , decided to remove Plaintiff- not because of any disciplinary action of his part, but in retaliation of his complaints which would expose defendants negligence and deliberate indifference to prisoners needs. Defendants, including IDOC, have a policy, practice, or custom of First Amendment Retaliation.

### (A) PLAINTIFF SINCERELY BELIEVES HE MUST STAND AGAINST OPPRESSION AND SPEAK UP FOR THE WEAK

21. Plaintiff's sincerely held religious beliefs as a Christian as GOD commands Plaintiff," that true disciples will face opposition for standing out from the crowd" (John 15:18) and "do not quench the Spirit. Do not despise prophecies. Test all things; hold fast what is good" (1 Thessalonians 5: 19-21) "Strength to resist evil is best gained by aggressive service" (The Acts of the Apostles. P.105) "Whatever you do, do all to the glory of GOD" (1 Corinthians 10:31) "The world needs today what it needed nineteen hundred years ago- a revelation of Christ" (The Ministry of Healing, p.143)

### (B) THIS PUNISHMENT WAS SUFFICIENTLY ADVERSE TO DETER OR "CHILL" A PERSON OF ORDINARY FIRMNESS FROM EXERCISING FIRST AMENDMENT ACTIVITY IN THE FUTURE.[3]

22. Other inmates were deterred from complaining about not being able to see inside the suicide watch cells because of Plaintiff being removed/ terminated from the PLUS program/job.

23. Eriec Campbell IDOC # 250751 was a plus participant at Westville Correctional Facility from April of 2018 through June of 2019 in which I successfully completed. While participating, a requirement was to supervise suicidal inmates in WCU. Suicidal inmates were in holding cells where the light is controlled from the inside the cell and at night the cells are pitch black making it impossible to observe inside these cells. I was not provided with a flashlight and was still expected to perform my observation of these suicide watch inmates. Speaking out about the problem was frowned upon and participants, like Brian Ruby IDOC #981752, who complained, didn't last long in the program. I was discouraged from speaking out while I was still a participant in the PLUS program by staff that oversaw me in the PLUS program. I do not want to say their names for fear of retaliation since I am still incarcerated, but I will now at least state it because I have graduated the PLUS program and I am speaking out for future

---

[3] Bridges v. Gilbert, 557 F.3d 541, 552 (7th Cir. 2001) (quoting Bart v. Telford, 677 F. 2d 622, 625 (7th Cir. 1982)

**EXHIBIT "A"**

participants in the same position of having a requirement without the lighting to properly observe suicidal inmates. (See attached exhibit #1, First Affidavit of Eriec Campbell at paragraphs 1-3 )

### (C) LESS RESTRICTIVE ALTERNATIVES ADVANCED BY PLAINTIFF

24. Defendants could provide Plaintiff with a religious exemption[4]

25. Defendants could have removed the light switches from inside the suicide cells and put them on the outside where they could be routinely turned on and off when Plaintiff needed to see inside the suicide cells.[5]

26. Defendants could look for solutions from other prison systems or other IDOC prisons

### (D) DEFENDANTS DO NOT HAVE A COMPELLING PENOLOGICAL INTEREST

27. Defendants IDOC Warden Mark Sevier, Deputy Warden of Operations Kenneth Gann, PLUS Supervisor Cheryl Thomas, Unit Team Manager Dennis Hood do not have a compelling penological interest in this case.

28. Plaintiff has suffered irreparable harm and it substantially burdens Plaintiff's sincerely held religious beliefs as a Christian as GOD commands Plaintiff," that true disciples will face opposition for standing out from the crowd" (John 15:18) and "do not quench the Spirit. Do not despise prophecies. Test all things; hold fast what is good" (1 Thessalonians 5: 19-21) "Strength to resist evil is best gained by aggressive service" (The Acts of the Apostles. P.105) "Whatever you do, do all to the glory of GOD" (1 Corinthians 10:31) "The world needs today what it needed nineteen hundred years ago- a revelation of Christ" (The Ministry of Healing, p.143) - when Defendants punish Plaintiff so severely for speaking out about the inadequate lighting in the suicide watch cells Plaintiff was tasked to observe that Plaintiff stops practicing his sincerely held religious beliefs to stand against oppression and speak up for the weak.

### (E) PLAINTIFF'S STATUTORY RIGHTS UNDER RLUIPA WERE VIOLATED.

29. The circumstances alleged, supra   , are incorporated herein as if restated in this paragraph.

30. The Indiana department of Correction receives federal funding from the government of the United States and is subject to RLUIPA.[6]

---

[4] *See* Holt v. Hobbs 866-67 ("[A]n institution might be entitled to withdraw an accommodation if the claimant abuses the exemption in a manner that undermines the prison's compelling interests.").

[5] RLUIPA explicitly provides that it "may require a government to incur expenses in its own operations."42 U.S.C.§ 2000cc-3(c).

31. The IDOC has put a substantial burden on Plaintiff's religious exercise (i.e., to stand against oppression and speak up for the weak) by punishing and terminating Plaintiff. The IDOC does not have a compelling governmental interest in denying Plaintiff the ability to as a Christian to stand against oppression and speak up for the weak, described supra .

32. Assuming arguendo that the IDOC does have a compelling governmental interest, there are less restrictive ways of furthering that/ those interest(s), described supra .[7]

33. The IDOC has violated RLUIPA, 42 U.S.C. 2000cc by punishing Plaintiff and refusing to allow Plaintiff as a Christian to politely and in accordance with both IDOC and PLUS program policies to stand against oppression and speak up for the weak described supra.

### (F) PLAINTIFF' STATUTORY RIGHTS UNDER INDIANA'S RFRA WERE VIOLATED.

34. The circumstances alleged, supra , are incorporated herein as if restated in this paragraph.

35. Defendants IDOC, Warden Mark Sevier, Deputy Warden of Operations Kenneth Gann, PLUS Supervisor Cheryl Thomas, Unit Team Manager Dennis Hood are violating Plaintiff's statutory rights under Indiana's Religious Freedom Restoration Act (RFRA), I.C.§ 34-13-9 et seq.

### (G) DEFENDANTS HAVE COMMITED NEGLIGENCE

36. The circumstances alleged, supra , are incorporated herein as if restated in this paragraph.

37. Defendants ,IDOC, Warden Mark Sevier, Deputy Warden of Operations Kenneth Gann, PLUS Supervisor Cheryl Thomas, Unit Team Manager Dennis Hood displayed negligence, as a state tort claim, because (a) they had a duty not to substantially burden Plaintiff and take reasonable measures not to violate his constitutional or statutory rights when he informed them that his sincerely held religious beliefs were being substantially burdened; (b) they breached that duty when they were informed of Plaintiff's sincerely held religious beliefs were being substantially

---

[6] This section of RLUIPA applies to people who are institutionalized in programs or activities that receive financial assistance from the federal government. 42 U.S.C. 2000cc-1(b)(1). The Indiana Department of Correction receives federal funding to operate its prison system. See Crawford v. Indiana Department of Corrections, 115 F.3d 481, 483 (7th Cir. 1997) (noting that the Indiana prison system receives federal funds), abrogated on other grounds by Erickson v. Board of Governors of State Colleges and Universities for Northeastern Illinois University, 207 F.3d 945 (7th Cir. 2000).

[7] As the Supreme Court noted , City of Boerne v. Flores, 521 U.S. 507, 534, 117 S.Ct. 2157, 38 L. Ed. 2d 624 (1997) stated: the test for the "least restrictive means of achieving [a compelling] interest" is the most rigorous in all of constitutional law. This standard is often referred to as "fatal in fact", because it often leads to the challenged government policy's being struck down. E.g., Bernal v. Fainter, 467 U.S. 216, 219 n.6, 104 S. Ct. 2312, 81 L. Ed. 2d 175 (1984).

**EXHIBIT "A"**

burdened; (c) their breach of duty proximately caused the injuries complained about in this complaint.

### (H) DEFENDANTS COMMITTED INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (IIED).

38. The circumstances alleged, supra , are incorporated herein as if restated in this paragraph.

39. Defendants have committed the acts and omissions described supra , that are truly extreme and outrageous.

40. Defendants knew or knew that there is at least a high probability that their conduct will cause severe emotional distress as other inmates had previously filed suit regarding the same exact religious exercise being substantially burdened at other IDOC facilities.

41. Defendants acts and omissions described supra , in fact caused severe emotional distress to Plaintiff. Plaintiff has also lost over 30 lbs. and has begun seeing the mental health dept. at his facility because of this traumatic experience.

42. Defendants have committed Intentional Infliction of Emotional Distress against Plaintiff in violation of Indiana law

### (i) DEFENDANTS COMMITTED NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS (NIED).

43. The circumstances alleged, supra , are incorporated herein as if restated in this paragraph.

44. The defendant's conduct fell below the applicable standard of care, when handling Plaintiff's polite exercise of his religious beliefs described supra.

.The plaintiff suffered an injury

45 .The defendant's acts and omissions described supra , was a cause-in-fact of the plaintiff's injury. Plaintiff has lost over 30 lbs. and has begun seeing the mental health dept. at his facility because of this traumatic experience.

46. Defendants have committed Negligent Infliction of Emotional Distress against Plaintiff in violation of Indiana law

### (J)IDOC ,SEVIER, and GANN,HAS A CUSTOM OF NEGLIGENT TRAINING, SUPERVISION AND RETENTION

47. The circumstances alleged, supra , are incorporated herein as if restated in this paragraph.

48. The failure of IDOC, Warden Mark Sevier, and Deputy Warden of Operation Kenneth Gann to exercise due care was a *cause-in-fact* of the wrongful act of the employee(s) that in turn caused the plaintiff's injury.

### (K) IDOC ,SEVIER, and GANN, HAS A CUSTOM OF FAILING TO TRAIN THEIR EMPLOYEES ABOUT THEIR LEGAL DUTIES TO AVOID VIOLATING THE RELIGIOUS RIGHTS OF INMATES

49. The circumstances alleged, supra , are incorporated herein as if restated in this paragraph.

50. IDOC , Warden Mark Sevier, and Deputy Warden of Operation Kenneth Gann has a practice, policy, or custom of failing to train their employees about their legal duties to avoid violating the religious rights of inmates at WCC (and throughout the IDOC).

### (L) DEFENDANTS ARE NOT ENTITLED TO QUALIFIED IMMUNITY.

51. Due to the acts and omissions described supra , Defendants had prior knowledge that their acts and omissions were violating Plaintiff's constitutional and statutory rights and are therefore not entitled to qualified immunity.

### VIII. JURY DEMAND:

52. Plaintiff demands a trial by jury as to all so triable issues.

### IX. CONCLUSION:

53. A declaratory judgment that Defendants acts or omissions violated Plaintiff's First Amendment rights and RLUIPA when they punished him for politely standing against oppression and speaking up for the weak in accordance with his sincerely held religious beliefs described supra.

54. A declaratory judgment that Defendants Warden Mark Sevier, Deputy Warden of Operations Kenneth Gann, PLUS Supervisor Cheryl Thomas, Unit Team Manager Dennis Hood and IDOC violated Plaintiff's First Amendment rights ,RLUIPA, and Indiana's RFRA when they stopped Plaintiff's sincerely held religious exercise as a Christian to stand against oppression and speak up for the weak in accordance with his sincerely held religious beliefs.

55. A permanent injunction requiring Defendants to return Plaintiff to the PLUS program/ job with his previously accrued status or alternatively providing Plaintiff with the time cut associated with graduating the PLUS program/ job.

56. A permanent injunction requiring Defendants to adopt AND enforce a policy that will curb or deter its employees from First Amendment retaliation in the future.

57. Compensatory damages in an amount to be determined by a jury, for violations of Plaintiff's constitutional and Indiana tort laws.

58. Punitive damages in an amount to be determined by a jury, for defendants deliberately violating Plaintiff's constitutional rights.

59. Nominal damages in an amount allowed under law for this type of action.

. All cost of bringing and litigating this case.

60. All other relief the court deems just, proper, and equitable in the premises.

Respectfully Submitted,

DATED: 4/7/20

Plaintiff, pro se
BRIAN RUBY, #981752
Westville Correctional Complex
5501 South 1100 West
Westville, IN 46391

## VERIFICATION

I, Brian Ruby, have read the foregoing complaint and herby verify that the matters alleged herein are true and accurate, except as to matters alleged on information and belief, and as to those I believe them to be true, I certify under penalty of perjury that the forgoing is true and accurate.

Declarant, Brian Ruby

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF INDIANA

SOUTH BEND DIVISION

| | |
|---|---|
| BRIAN RUBY, | ) |
| PLAINTIFF, | ) |
| V. | ) case no. 3:18-cv-00890-JD-MGG |
| Indiana Dept of Corr., et al., | ) |
| DEFENDANTS, | ) |

### FIRST AFFIDAVIT OF ERIEC CAMPBELL, IDOC # 250751

Comes now the affiant, Eriec Campbell, and declaring under oath and penalty of perjury does depose and say:

1. I am Eriec Campbell, IDOC# 250751. I am an adult that is competent and willing to testify as to the content herein. I understand the seriousness of the statement that I am making herin. The representations made herein are within my personal knowledge. I write this affidavit in support of Brian Ruby, IDOC # 981752.
2. I have been incarcerated at Westville Correctional Complex ("WCC"), also known as Westville Correctional Facility ("WCF") since January 2018.
3. I was a plus participant at Westville Correctional Facility from April of 2018 through June of 2019 in which I successfully completed. While participating, a requirement was to supervise suicidal inmates in WCU. Suicidal inmates were in holding cells where the light is controlled from the inside the cell and at night the cells are pitch black making it impossible to observe inside these cells. I was not provided with a flashlight and was still expected to perform my observation of these suicide watch inmates. Speaking out about the problem was frowned upon and participants, like Brian Ruby IDOC #981752, who complained, didn't last long in the program. I was discouraged from speaking out while I was still a participant in the PLUS program by staff that oversaw me in the PLUS program. I do not want to say their names for fear of retaliation since I am still incarcerated, but I will now at least state it because I have graduated the PLUS program and I am speaking out for future participants in the same position of having a requirement without the lighting to properly observe suicidal inmates.
4. I hereby swear and affirm under the penalties for perjury that the foregoing facts are true and accurate to the best of my knowledge and belief.

Page 1 of 2                                                **EXHIBIT "1"**

5. Further, Affiant, Sayeth, Naught.

Dated: 3-24-2020

Eriec Campbell, IDOC# 250751
Affiant's Signature

State Of Indiana   )
                 ) SS:
County of LaPorte)

SUBSCRIBED AND SWORN TO BEFORE ME, a notary public, this 24ᵗʰ day of March, 2020.

Notary Public

County Of Residence: Lake

My Commission Expires: 01-21-2028



VICTORIA L SCHARNKE
Notary Public, State of Indiana
Lake County
Commission Number NP0724656
My Commission Expires
January 21, 2028

**EXHIBIT "1"**