United States District Court
Northern District of Indiana
South Bend Division

Brian K. Ruby,
 Plaintiff,
V                     Cause No. 3:18-CV-890-JD-MGG
Mark Sevier, et al
 Defendants,

PLAINTIFF'S MOTION/BRIEF FOR ISSUE OF SANCTIONS AND DEFAULT JUDGEMENT FOR FAILURE TO OBEY A COURT ORDER AND FAILURE TO PRESERVE ELECTRONICALLY STORED INFORMATION AND BRIEF OF FACTS AND SUPPORT FOR COMPENSATION AND DAMAGES

Plaintiff, Brian K. Ruby, Pro Se Pursuant to FED R. Civ. P. 37(b)(2)(A)(i), (e)(2)(C) requests the Court issue sanctions against the defendants for failing to obey a court order and failing to preserve (ESI) electronically stored information and grant a default judgement in favor of the Plaintiff and state the following:

<u>1.</u> On 1-6-2022 ECF 72 the Court granted Plaintiff's evidence requests #1 (WCU video) and #6 (WCU observation sheets), and gave a Jan 28, 2022

pg 1

deadline for defendant's to file discovery responses consistent with this order ECF 72

2. On 1-28-2022 defendants failed to Produce discovery request #1 (WCU video) and request #6 (WCU observation sheets), but gave a response stating each would be immediately provided to Mr. Ruby upon receipt.

3. On 1-28-2022 defendants filed a summary judgement motion before completing discovery in a manner to frustrate Plaintiff by stonewalling discovery requests #1 and #6 on ECF 72 and attempting to proceed forward as if the court ordered requests were irrelevant.

4. On 2-2-2022 ECF 85 the court construed Plaintiff's response as a motion for extension of time (ECF 77) extended the deadline for Plaintiff to respond to defendant's motion for summary judgement to March 25 2022 and (3) reminds that all discovery must be served on Brian K Ruby and filed with the court as described above.

5. On 2-18-2022 the case was stayed pending the resolution of one outstanding discovery issue ECF 90. The court recognized discovery request

Pg 2

#1 (video), but did not mention request #6 (observation sheets) which neither have been filed to the court as ordered on 1-6-2022 ECF 72.

6. On 4-20-2022 the court ordered defendants to serve and file the video on CD or DVD by May 4, 2022.

7. On 5-12-2022 the Plaintiff received legal mail ECF 92, 92-1 and 92-2 filed on May 4 2022 defendants notice regarding video footage verifying defendant's failed to preserve electronically stored information (ESI) a FED. R. Civ. P. 37(e) violation sanctionable due to the fact the information cannot be restored and the defendants including (Mr. Hicks) actions were a conscious decision, intentional and obstructive.

8. Defendants notice regarding video footage establishes defendants had sufficient time and notice to preserve the video including Mr. Hicks whom was made subjectively aware by the email from Jane Handley to John Hicks on March 3, 2020 ECF 92-2 pgs 1-2, of his duty to preserve any evidence including potential sanctions that could be imposed for failing to do so and was specifically made aware of, "Even routine destruction or the overwriting of paper and/or electronic evidence can subject us to sanctions. So

pg 3

Please take steps to identify and ensure that it is Preserved. Mr. Hicks was also instructed to contact the Attorney General immediately if he believed that any evidence was destroyed or lost and offered advice if needed on what does or does not need to be Preserved on March 3, 2020 and requested a list of (6) item requests which #6 mentioned video recordings and requested the items be Provided to her no later than March 23, 2020, in advance of discovery request, over a year before the video was overwritten on April 26, 2021 ECF 92-1 a declaration of John Hicks.

9. Plaintiff's need of the video was relevant, foreseeable, and directly related to the Plaintiff's allegations ECF 21 pg 3 filed on 2-18-2020 specifically states, "On July 7, 2018 another offender, Corey Lewis, attempted to commit suicide on Ruby's watch. Prison officials blamed Ruby for not Providing Proper oversight, but Ruby claims that it was the Prison's own "lack of due diligence and ability to Properly care for the Prisoners entrusted in their care" that led to the incident. This verifies a dispute and the video is directly related and should have been Preserved. Also amended complaint ECF 39 filed on 2-25-21 pg 4 mentions Plaintiff's complaint of the dark cells and addresses a dispute between the Plaintiff being removed from the PLUS Program over the July 7, 2018 suicide attempt and the

pg 4

negligence of the facility that continuously occurred on said day that Plaintiff previously complained of, also Plaintiff's grievances filed on Aug 20, 2018 ECF 62 Pg 12-13 verifies dispute between Plaintiff and defendants Ms Thomas and Mr. Hood concerning the fact of whether the Plaintiff got up and looked into window which the Plaintiff details the facts recalled of the incident and states that defendants were aware of a statement claiming the Plaintiff did not get up and the fact that the defendants did not and would not review the video to resolve the disputed facts make it clear and foreseeable that the video is directly related and exculpatory evidence to resolve the disputed facts stated in the grievance.

10. The defendants failure to preserve the video constitutes willfullness bad faith and fault due to their conscious decision not to view it combined with their extraordinary poor judgement and gross negligence and the fact the need for the video was foreseeable and directly related to the Plaintiff's allegations and disputes along with sufficient notice and instruction of the duty and consequences of the defendants and Mr. Hicks to preserve the video and the conscious decision to disregard the emailed requests establishes intent to deprive the Plaintiff of exculpatory direct evidence to

prove his claim and defend against defendants defense.

11. Defendants are relying on an E-mail chain which they were made aware of in July, 2018 and not made available to the Plaintiff untill aproximately 10-15-2021 as their defense and spoliation of the electronically stored information (video) which would contradict a statement made by non-defendant Chad Cornett stating, "the suicide companion didn't get up once." ECF 62 pg 6

12. Defendants are attempting to utilize the email chain ECF 62 to cover up the retaliatory actions of defendants failing to abide by mandatory PLUS Program Policy 01-03-104. V:B Executive Assistant to the commissioner. The Executive Assistant to the Commissioner and the Executive Director of Youth services shall work cooperatively with the deputy commissioner of re-entry services to ensure that the faith and character based program provides the necessary programming to meet the expectations of the department. The executive assistant to the commissioner and the program director shall be responsible for insuring that all program componets are in compliance with this policy and administrative procedure, and the Program Components are monitored and regularly evaluated to ensure that they are meeting the needs of the offender population. Defendants Mr. Hood and Program director Ms. Thomas failed to ensure the needs of Plaintiff were being met to successfully complete

the program componet of community service which defendants were made aware of the lighting issues by the Plaintiff's complaints and concerns and retaliated by refusing to follow policy or to consider it on Plaintiff's behalf all actions consistent to previous threats from defendants of being replaced ECF 31-1 12, 18

13. Defendants knew of the conditions and were required to know relevant policies per information and standards of Conduct for Department Staff Policy 04-03-103 pg 1 and 2 policy statement. "Staff members are expected to acquaint themselves with all applicable policies and administrative procedures, to render honest and efficient performance of duty and to be responsible for adherence to the standards of conduct and all governing statutes, department policies, procedures, directives and rules." Warden denied allegations by ignoring grievance and not answering informal grievance or alleging to never receive to correct. ECF 63 pg 12-13 states "I wrote Mr. Sevier a request on 8-3-2018 and didn't get a response." "I told him about the light being the issue and I did get up at the appropriate times and look in the cell." And ECF 72 pgs 4-5 request #7.

14. Defendants defense exposes constitutional violations against a non-defendant, Chad Cornett such as arbitrary deprivation

of liberty, defamation of character, deprivation of property/contract rights due to the fact the Plaintiff's participation in the P.L.U.S Program was not at will, but contracted ECF 62 P 920 in which the Plaintiff had an expectation and State-created understanding that as long as all facility and program rules were not violated, then Plaintiff would successfully complete the P.L.U.S Program and receive the entitled benefit of a 6-month time-cut.

15. Defendants claim that they could not override defendant warden Sevirs' orders or intervene; however the defendants not only could have intervened, but had a duty to intervene to prevent the constitutional violations of retaliation of First Amendment speech and Fourth and Fourteenth Amendment violations of arbitrary deprivation of liberty, defamation of character, deprivation of property/contract rights, due process and being deprived of the value of loss of 6 month time cut, Plus Program and 6 month credit time restrictions by the actions of defendants/ non-defendants all working under the color of the law against the Plaintiff and were made aware when the Plaintiff disputed the false statements made by Chad Cornett directly to the defendants Mr. Hood and Ms. Thomas in which they chose not to intervene and the dispute could have easily been resolved had they viewed the readily

available video that is now unavailable and unreplaceable due to the defendants discovery violations. ECF63 pgs 12-13

16. A sanction consistent to Fed. R. Civ. P. 37(e)(A)(B) benefits the defendants by depriving the Plaintiff of a defense which would have proved the defendants failed to intervene with an abundant amount of evidential weight and overwhelmingly proved the constitutional violations in 15 and the video would have blatantly contradicted Chad Cornett's email statement ECF62 pg6 in which the video evidence is not only necessary, but was very essential exculpatory evidence to the Plaintiff's claim and is now non-recoverable due to the defendants including Mr. Hicks' misconduct; proving intent.

17. Defendants including Mr. Hicks', spoliation of electronically stored information was obstructive, intentional, ill willingly motivated to cover up constitutional violations; misconduct and the negligence of the defendants/ non-defendants actions against the Plaintiff under the color of the law and used their power and positions to oppress the Plaintiff from obtaining directly related, relevant and very impactful exculpatory video evidence to succeed, and are attempting to minimize their conduct, failed duty to intervene in retaliation of First Amendment Rights, and

the importance of the video or the integrity of discovery rules and the court, defendant's had a duty to preserve the video and not only failed, but chose to fail. The only just and equitable sanction should be Fed. R. Civ. P. 37(e)(6) default judgement against the defendants.

## PLAINTIFF'S BRIEF OF FACTS AND SUPPORT FOR COMPENSATION AND DAMAGES

1. Compensation for injuries and deprivations caused by violations of First Amendment Rights and retaliation are recoverable beyond nominal and punitive damages. See Love V. Prestel Lexis 102519. To determine compensatory damages for the fifteen days spent in restrictive housing, the court takes note of other compensatory damage awards for unconstitutional stays in prison housing imposing atypical and harsh conditions on inmates. Such conditions include the deprivation of society, deprivation of meaningful human contact and ease of communication, the loss of freedom of movement, loss of commissary privileges and lack of access to the law library, vocational programs, job assignments, and diminished quality of life. See Aref v. Lynch, 833 F.3d 242, 264-65, 425 U.S. App D.C. 274 (D.C. Cir. 2016) ("We therefore conclude there exist a universe of injuries that are neither mental

nor emotional and for which Plaintiffs can recover compensatory damages under the Prison Litigation Reform act, 42 U.S.C. 1997e")

2. Plaintiff is seeking monetary compensation for the violation of First Amendment Rights, the Proximate Causation of subsequent Fourth and Fourteenth amendment violations, deprivations and injuries caused by the retaliations caused by the deprivations of the loss of Program, more restrictive classification of a 6 month Program/time cut restrictions, the breach of mandatory Policy, and arbitrary defamation of liberty in the amount of $129 per day from the accrual of the injuries until resolution, to be Pro-rated consistently to current economical inflations and grossed up. See Love v. Prestel Lexis 102519. For deprivation of First amendment rights retaliation, and the causation of the injury of the loss and deprivation of the value of a 6 month time cut, which the Plaintiff claims has a value equal to liberty, Plaintiff seeks compensation in an amount of $6,250 per hour for the 180 days/4320 hours to be Pro-rated consistently to current economical inflations and grossed up. See Vilato v. City of Yonkers 2016 Lexis 76068, 13: Civ 5825 (NSR)(PED) $450,000 for 72 hours ($6,250 per hour), Hyatt v. U.S. 968 F. Supp. 96 (1997) $297,000 for 99 days ILL. FTCA ($4,430.30 per day)

3. Defendants had an opportunity to intervene and rectify Plaintiff's concerns, needs and prevent the deprivations which would be inflicted upon the Plaintiff through the First Amendment retaliation violations which cause Fourth and Fourteenth Amendment constitutional violations, but chose to retaliate instead. See Lewis V. Downey 581 F.3d 467, 472 (7th Cir. 2009) A Prison official can be held liable under § 1983 if He or She 1) Had a reason to know that a fellow officer was committing a constitutional violation and 2) had a realistic opportunity to intervene to prevent the act from occurring. Defendants knew of the conditions through Plaintiff verbally, observation sheets and through informal/formal grievance to warden Sevier.

4. Defendants firing of Plaintiff was malicious and "Pretextual" in conjunction with the threats and warnings from Plaintiff's complaints and concerns (Doc 31-1 pg. 3 at 17-20) both protected speech Watkins V. Kasper 599 F.3d 791, 789 (7th Cir. 2010) and were atleast a motivating factor for the retaliations and deprevations. Gomez V. Randel 680 F.3d 859, 856 (7th Cir. 2012) Garcia V. Sigma Tran Interactiona Inc. 842 F.3d 1010, 1025 (7th Cir. 2015) Kulmani V. Blue Cross Blue Shield Ass'n 224 F.3d 681, 685 (7th Cir. 2000) because the true nature of the discharge was covered up by blatantly false and manufactured statements in the E-mail chain on 7-7 2018 (ECF 62 pgs 6, and 7) and the video was destroyed to deter future activity (First Amendment).

5. Rene v. Reed 751 NE 2d 736 (Ind. Ct. App. 2001)(10th grade students expecting a future graduation and diploma) The trial court properly found and the state does not explicitly disagree, that students have a property interest protected by due process in the award of a diploma if all graduation requirements are met. If the state chooses to provide a public education system, it is constrained to recognize an ENTITLEMENT to a public education as a property interest which may be protected by the due process clause. Debra v. Turlington 644 F. 2d 397, 403 (5th Cir. 1981) Quoting Goss v. Lopez 419 U.S. 565, 574, 42 L. ed. 2d 725, 95 S. Ct. 729 (1975). From a students point of view, the EXPECTATION is that if a student attends school during those required years, and indeed more and if he takes and passes the required courses, he will receive a diploma. This is a property interest as that term is used constitutionally... The EXPECTATION can be viewed as a state created UNDERSTANDING that secures certain benefits and that supports claims of entitlements to those benefits. 644 2d. at 404. See GOSS V. LOPEZ 419 U.S. 565, 574, 42 L ed 2d 725, 95 S. Ct. 729 (1975) although the state of Florida constitutionally may not be obligated to establish and maintain a school system it has done so, required attendance and created a mutual expectation that the student who is successfull will graduate with a diploma. This expectation can be viewed as a state-created understanding

that secures certain benefits and that supports certain claims of entitlement to those benefits Board of Regents v. Roth 408 U.S. 564, 577, 92 S. Ct. 2701, 2709, 33 L. Ed. 2d 548 (1972) as the trial court noted graduation is the logical extension of successful attendance 474 F. Supp. at 266 and as appellees note in breif before SSATII, a student completing the necessary number of credits would graduate with a diploma. Based upon this implied property right we find that the trial court was correct in holding that the implementation schedule for the test violated due process law. See Wallace v. Robinson 940 F.2d 243 (7th Cir. 1991). A Prison regulation must afford an inmate a legitimate claim of entitlement before it creates a constitutional liberty or property interest. The 6 month time cut implemented by the state I.C. 35-50-6-3.3(b)(1) (d)(8) and funded per I.C. 11-10-6-6 combined with mandatory Policy (01-03-104 VB) FAITH AND CHARACTER BASED HOUSING PROGRAM I.C. 11-8-2-5(a)(16) and the Plaintiff signed contract/agreement (Doc 62 at 20) constituted an expectation and state-created understanding that the mandatory Policy would be honored to ensure the successful completion of the Program and the expected entitlement and benefit of a 6 month time cut, before Defendants Retalitory Misconduct.

6 Goss v. Lopez 419 U.S 565, 574, 42 L. ed 2d 725 95 S. Ct. 729 (1975) due to an arbitary deprivation of

liberty. "Where a person's good name, honor and integrity is at stake because of what the government is doing to him." The minimal requirements of the clause must be satisfied. Wisconsin V. Constintineu 400 U.S. 433, 437 (1971) Defendants First Amendment Retaliation was an arbitrary deprivation of Plaintiff's liberty and an injury by defendants refusing to act and intervene. Lewis V. Downey 581 F.3d 467, 472 (7th Cir. 2009) Morris V. Kokomo 178 Ind. App. 56, See Grosz V. Indiana 730 F. Supp. 1474 Defamation without more will not support a section 1983 action under the precepts of Paul V. Davis, 424 U.S. 693, 96 S. Ct. 1155, 47 L Ed 2d 405 (1976) However, "We have made clear that defamation together with other action (which need not itself be a deprivation of either liberty or property under the Fourteenth Amendment may work to deprive a plaintiff of a liberty or property interest so that the two things together state a 1983 claim." Bone v. City of Lafayette Ind. 763 F 2d at 295, 297-98 (7th Cir. 1985) Elliot's "defamation" claim is that the defendants statements combined with the discharge deprived Elliot of a protected liberty interest by stigmatizing him and preventing him from perusing his career. In the context of termination coupled with defamatory statements "a liberty interest is implicated when either (1) the individuals good name, reputation, honor or integrity are at stake by such charges as immorality, dishonesty, alcoholism, disloyalty,

communism or substantive acts, or (2) the state imposes a stigma or other disability on the individual which forecloses opportunities." Munson v. Friske, 754 F. 2d 683, 693 (7th Cir. 1985) It is well settled in Indiana that an action for retaliation discharge exists when an employee is discharged for constitutional expression or right of duty is contravened. Purdy v. Wright Tree Service Inc, 835 N.E. 2d 209 (Ind. Ct. App. 2005) Markley v. Grove 716 N.E. 2d 559 (Ind Ct App 1999) continued in Reed v. McBride 178 F 3d 849, 854 (7th Cir. 1999) The court held "A Prison officials knowledge of prison conditions learned from an inmates communication can require the officers to exercise his authority and take the needed action to investigate and if necessary to rectify the offending condition" Quoting Vance v. Peters 97 F. 3d 987, 993 (7th Cir. 1996) Gentry v. Duckworth 65 F. 3d 555, 561 (7th Cir. 1995).

## CONCLUSION

The defendants have failed to present any evidence to dispute that there are any genuine issues of material facts to Plaintiff's constitutional claims of violation of First Amendment Rights for retaliating against Plaintiff for verbally addressing the need of appropriate lighting to properly observe inmates on suicide watch

and defendants Pled their selves that they had a duty to Preserve all relevant and related material and the consequences for failing to do so then Put up a defense of an email containing a false statement by a non-defendant referring to a relevant and related video which defendants failed to preserve after sufficient notice which Plaintiff notified defendants of the dispute. Defendants Mr. Hood and Ms. Thomas claim they could not intervene, however they had a duty to resolve the dispute and avoid additional constitutional violations against the defendant and instead retaliated against Plaintiff's first amendment constitutional protected speech and their duty to follow mandatory policy and destroyed evidence violating Plaintiffs due process by Fed. R. Civ. P. 37(e)(C) violations causing intentional Prevention of the Plaintiff to defend the defendants defense while hiding additional constitutional violations. Defendants violation of Plaintiff's first amendment speech are the Proximate causation of all compensable injuries and Punitive damages to the Plaintiff in which defendants actions were willful, wonton, Pretextual and intentional against the Plaintiff.

Default Judgement against the defendants should be Granted.

Wherefore Plaintiff respectfully requests that this honorable court grants default judgement and order the defendants to award nominal, compensatory and Punitive damages in an amount consistent of $129.00 Per day to be Pro rated

consistently to current economical inflations and grossed up, from the accrual of relevant injuries until resolution, and $6,250.00 per hour for 180 days/4320 hours for the relevant injuries to be pro-rated consistently to current economical inflations and grossed up, and $500,000.00 punitive damages against each defendant with any other relief deemed just and proper.

Respectfully Submitted

Brian K Ruby

Brian K Ruby #981752
Westville Correctional Annex
5501 South 1100 West
Westville, INdiana 46391

# CERTIFICATE OF SERVICE

I Brian K. Ruby do hereby certify that a copy of the foregoing was served upon the Office of Attorney General Theodore E. Rokita and Deputy Attorney General Peter A. Inman at the Indiana Government Center South 5th Fl. 302 W. Washington St. Indianapolis, IN 46204-2770 by E-file through the WCC law library on this 23 day of May, 2022.

Respectfully Submitted,

Brian K. Ruby

Brian K. Ruby #981752
Westville Correctional Annex
5501 South 1100 West
Westville, Indiana 46391