UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| BRIAN K. RUBY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 3:18-cv-890-JD-MGG |
| | ) |
| MARK SEVIER, et al, | ) |
| | ) |

**DEFENDANTS' RESPONSE TO MOTION FOR SANCTIONS**

Come now the Defendants, by Counsel, Peter A. Inman, Deputy Attorney General, and submit the following response to Plaintiff's motion for sanctions at ECF 94:

**I. INTRODUCTION**

Plaintiff has filed a motion seeking default judgment as a sanction under Fed. R. Civ. P. 37(b) and 37(e) for failing to obey a Court order and for failing to preserve electronically stored information ("ESI"). [ECF 94 at 1]. For the reasons set forth below, Plaintiff's motion should be denied.

**II. ARGUMENT**

Sanctions are not merited in this matter, let alone the drastic sanction of default judgment. The lost video is not prejudicial to Plaintiff, and it was not destroyed in bad faith. Moreover, even if prejudice or bad faith were shown, lesser sanctions could cure any harm.

**A. Failure to Obey a Court Order**

If a party fails to obey an order to provide or permit discovery, the Court may issue "further just orders," including an adverse inference instruction, precluding the disobedient party from supporting or opposing designated claims or defenses, or even the rendering of a default judgment. Fed. R. Civ. P. 37(b)(2)(A). Plaintiff alleges that Defendants have failed to comply

1

with the Court's Orders at ECFs 72, 90, and 92. [ECF 94]. Rule 34 provides that party may request the production of documents and ESI that are "in the responding party's possession, custody, or control." Fed. R. Civ. P. 34. When, as is the case here, the requested ESI is not in the responding parties' possession, custody, or control, it cannot be produced.

"Discovery 'sanctions may only be imposed where a party displays wilfulness, bad faith, or fault.'" *Am. Nat. Bank & Tr. Co. of Chicago v. Equitable Life Assur. Soc. of U.S.*, 406 F.3d 867, 877-78 (7th Cir. 2005) (quoting *Langley by Langley v. Union Elec. Co.*, 107 F.3d 510, 514 (7th Cir. 1997)). Defendants did not fail to comply with the Court's order willfully or in bad faith; the video was overwritten long before the entry of Court's order to produce the video. "Fault," as used in this context, "describes the reasonableness of the conduct—or lack thereof—which eventually culminated in the violation." *Marrocco v. Gen. Motors Corp.*, 966 F.2d 220, 224 (7th Cir. 1992). From the day the Court entered its order compelling discovery, nothing that Defendants did or could have done would have avoided the violation of the order. They conducted an investigation in an effort to comply with the Court's Order, and upon determining that they would be unable to do so, provided notice to the Court of their efforts both prior and subsequent to the Court's Order. [ECF 92].

Even if some sanction were merited, "district courts should only impose sanctions that are 'proportionate to the circumstances surrounding a party's failure to comply with discovery rules.'" *Rice v. City of Chicago*, 333 F.3d 780, 784 (7th Cir. 2003) (quoting *Melendez v. Illinois Bell Tel. Co.*, 79 F.3d 661, 672 (7th Cir.1996)). Though the Court is not required to employ a system of progressive discipline, "it is well settled in this circuit that the ultimate sanction of dismissal should be involved only in extreme situations, when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailable." *Id.* at 785-

86 (internal quotations and citations omitted). The lone sanction sought by Plaintiff, default judgment, is not proportionate to Defendants' inability to reach back in time and prevent the routine destruction of surveillance footage that is, at best, tangentially connected to Plaintiff's claims against them.

Because Defendants' actions in response to the Court's discovery orders do not display willfulness, bad faith, or fault, and because the sanction sought by Plaintiff is not proportionate to Defendants' conduct, his motion for default judgment as a sanction under Fed. R. Civ. P. 37(b) should be denied.

### B. Failure to Preserve Electronically Stored Information

Plaintiff also seeks default judgment as a sanction under Rule 37(e)(2)(c). Such a sanction is available "only upon finding that [Defendants] acted with the intent to deprive another party of the information's use in the litigation." Fed. R. Civ. P. 37(e)(2). This standard must be met even for the less extreme sanction of an adverse inference. *Id.* Defendant has not made a showing sufficient to support such a finding.

#### 1. No Duty to Preserve the Video

"Rule 37(e) is based on the common-law duty 'to preserve relevant information when litigation is reasonably foreseeable.'" *Freidig v. Target Corp.*, 329 F.R.D. 199, 207 (W.D. Wis. 2018) (quoting the advisory committee's note to 2015 amendment). "Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action." Fed. R. Evid. 401.

Defendants acted reasonably and in compliance with their obligations in requesting that relevant records be preserved. [ECF 92-2]. However, they did not have a duty at that time to specifically request preservation of the video sought in Plaintiff's request for production.

Plaintiff's discovery request was not received by the Defendants until after the video was overwritten pursuant to Westville Correctional Facility's retention practices. [ECF 92-1; ECF 92-3 at 4]. Prior to receiving Plaintiff's discovery request, they would not have known that the video may be relevant. *See Lewis v. McLean,* 864 F.3d 556, 565 (7th Cir. 2017) (citing *Guzman v. Jones*, 804 F.3d 707, 713 (5th Cir. 2015) for the proposition that a "party's duty to preserve evidence comes into being when the party has notice that the evidence is relevant to the litigation or should have known that the evidence may be relevant.").

The elements of Plaintiff's sole claim against Defendants, a First Amendment retaliation claim, are "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendants' decision to take the retaliatory action." *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012) (internal quotation marks and citations omitted).

Plaintiff does not claim the video would show him engaging in the protected First Amendment activity that he claims is the basis for his removal from the PLUS Program, so it is not relevant to the first element. Defendants do not dispute that Plaintiff was removed from the PLUS Program, and the video would not be able to show whether that removal would likely deter First Amendment Activity in the future, so it is not relevant to the second element.

Plaintiff contends that the video will show that he regularly checked on the suicide watch inmate he was charged with monitoring in the time leading up to the inmate's suicide attempt. [ECF 64 at 2]. However, even if the video did show that, it would be of no consequence in determining the action.

4

Defendant Sevier gave the order to remove from the PLUS Program the suicide companion who was responsible for monitoring the inmate who attempted to commit suicide because he was told that the suicide companion didn't get up to check on the inmate. [ECF 78-2 at 2; ECF 72-1 at 1]. Whether the video would show Plaintiff getting up to check on the inmate or not, it wouldn't change the fact that Defendant Sevier gave the order based solely on the information he received. [ECF 78-2 at 2]. Moreover, when Defendant Sevier gave the order, he did not know the identity of the person whose removal he was ordering. *Id.* Because Defendant Sevier relied on the representation of a non-party in deciding to give the removal order, and because he did not know at the time that he was ordering the removal of Plaintiff, there is simply no way that the fact of whether Plaintiff did or did not check on the inmate would have any bearing on the third element of the retaliation claim – whether Plaintiff's First Amendment activity was a motivating factor in removing him from the program. Defendants Hood and Thomas, both subordinate to Defendant Sevier, removed Plaintiff from the program because they were ordered to. [ECF 78-3 at 2; ECF 78-4 at 2].

None of the Defendants contend that they removed Plaintiff because he failed to monitor the suicide watch inmate. If they did, then the video would obviously be relevant. That is not the case, though, and they therefore had no duty to preserve the video prior to receiving Plaintiff's discovery request.[1] By the time they did receive the request, the video no longer existed.

## 2. Plaintiff Failed to Satisfy his Burden to Obtain Sanctions

Even if Defendants did have a duty to preserve the video, that by itself is insufficient to merit spoliation sanctions. *See Bracey v. Grondin*, 712 F.3d 1012, 1019 (7th Cir. 2013) ("When

---

[1] Defendants acknowledge that in the Court's Order at ECF 72, the Court found that the video is relevant, but Defendants could not have anticipated such a ruling would issue, given their own personal knowledge that none of them relied on whether Plaintiff actually failed in his supervisory duties. Further, if Defendants did not know at the time that the video would later be deemed relevant, non-party John Hicks certainly couldn't have known either.

considering the propriety of such an adverse inference instruction, [t]he crucial element is not that the evidence was destroyed but rather the reason for the destruction.") (quotations and citations omitted). The burden of proof falls on Plaintiff to show that Defendants destroyed the video in bad faith. *Id.* at 1018-19. "A party destroys a document in bad faith when it does so 'for the purpose of hiding adverse information.'" *Id.* at 1019 (quoting *Faas v. Sears, Roebuck & Co.*, 532 F.3d 633, 644 (7th Cir.2008)). Even if the Defendants had intentionally destroyed the video, and there is no evidence that they did, that would be insufficient without Plaintiff additionally proving that they acted in bad faith. *Mathis v. John Morden Buick, Inc.*, 136 F.3d 1153, 1155 (7th Cir. 1998)

Nothing in Plaintiff's motion for sanctions satisfies Plaintiff's burden. *See Rummery v. Illinois Bell Tel. Co.*, 250 F.3d 553, 558 (7th Cir. 2001) (Adverse inference instruction denied where moving party "offered no evidence, other than his own speculation, that [documents] were destroyed to hide" adverse information.) What his motion does show, is that Plaintiff has failed to grasp the scope of his case, and his motion for sanctions is based on that misapprehension. *See e.g.* ECF 94 at 5 (claiming video is "exculpatory evidence to resolve the disputed facts" in a grievance he wrote and which was not responded to), *id.* at 7-8 (alleging that "Defendants' defense exposes constitutional violations against a non-defendant"), *id.* at 8 (complaining of a failure to intervene, and of a previously-screened-out Fourteenth Amendment due process violation), *id.* at 9 (claiming a sanction under rule 37(e) benefits the Defendants), *id.* (claiming non-party John Hicks is one of the Defendants).

Additionally, even if the Court found that some sanction were merited, default judgment is not even remotely proportionate. The only prejudice allegedly suffered by Plaintiff due to the loss of the video is that he claims the video would show he did check on the suicide watch

6

inmate. An adverse inference instruction, though not merited in this case, would wholly cure that alleged harm.

### III. CONCLUSION

Defendants had no duty to preserve the video, they did not destroy the video in bad faith, and Plaintiff has failed to carry his burden of proof to the contrary. Further, the loss of the video caused no prejudice to Plaintiff, because it is immaterial to the elements of his claim and to Defendants' defense. Therefore, his motion should be denied.

Respectfully Submitted,

THEODORE E. ROKITA
Indiana Attorney General
Attorney No. 18857-49

Date: June 8, 2022     By:  Peter A. Inman
Deputy Attorney General
Attorney No. 34402-49
Indiana Government Center South, 5th Floor
302 West Washington Street
Indianapolis, IN  46204-2770
Phone:  (317) 234-7126
Fax:     (317) 232-7979
Email:  Peter.Inman@atg.in.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 8, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. I further certify that on June 8, 2022, I mailed, by United States Postal Service, first-class postage prepaid, the document to the following non CM/ECF participants:

>Brian K. Ruby
>DOC #981752
>Westville Correctional Facility
>5501 S. 1100 West
>Westville, IN 4639

>>Peter A. Inman
>>Deputy Attorney General

OFFICE OF THE INDIANA ATTORNEY GENERAL
Indiana Government Center South, 5th Floor
302 West Washington Street
Indianapolis, IN 46204-2770
Phone:  (317) 234-7126
Fax:     (317) 232-7979
Email:  Peter.Inman@atg.in.gov