UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| BRIAN K. RUBY, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:18-CV-890-JD |
| MARK SEVIER, et al., | |
| Defendants. | |

OPINION AND ORDER

Brian K. Ruby, a prisoner without a lawyer, is proceeding in this case on two claims. First, he is proceeding "against Warden Mark Sevier, Unit Team Manager Hood, and PLUS Director Ms. Thomas in their individual capacities for monetary damages for removing him from the PLUS program on July 7, 2018, in retaliation for formally complaining in June of 2018 about his concerns regarding the safety and security of the inmates he was charged with observing, in violation of the First Amendment[.]" ECF 39 at 13. Second, he is proceeding against Warden Sevier "in his official capacity for injunctive relief to remedy the allegedly retaliatory actions of the defendants by requiring Warden Sevier to reinstate him to the PLUS program or another alternative option[.]" *Id*. The defendants filed a joint motion for summary judgment. ECF 78. Ruby filed a response, and the defendants filed a reply. ECF 102, 107. The summary judgment motion is now fully briefed and ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

In his complaint, Ruby alleges the following facts: Ruby was previously enrolled in Westville Correctional Facility's ("WCF") PLUS program. ECF 40 at 3. As a participant in the PLUS program, Ruby was required to serve as a suicide companion by observing inmates who are on suicide watch. *Id*. In June 2018, Ruby made a verbal complaint to PLUS Director Thomas that he was unable to properly observe the inmates in the suicide watch cells due to poor lighting in the cells. *Id.* PLUS Director Thomas told Ruby to "quit rocking the boat" and made no changes to the cell lighting. *Id.* On July 7, 2018, an inmate attempted suicide while under Ruby's observation. *Id.* Following the inmate's suicide attempt, Ruby was removed from the PLUS program. *Id.* at 3-4. Ruby believes the defendants removed him from the PLUS program in retaliation

2

for the complaints he made to PLUS Director Thomas regarding inadequate lighting in the suicide watch cells. *Id.*

To prevail on a First Amendment retaliation claim, Ruby must show "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was 'at least a motivating factor' in the Defendants' decision to take the retaliatory action." *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009). Here, the defendants do not dispute that Ruby engaged in activity protected by the First Amendment by complaining to PLUS Director Thomas that the suicide watch cells had inadequate lighting. Moreover, the defendants do not dispute that they removed Ruby from the PLUS program, or that removing Ruby from the PLUS program is a deprivation that would likely deter First Amendment activity in the future. Instead, the defendants argue summary judgment is warranted in their favor because Ruby's protected First Amendment activity was not a motivating factor in their decision to remove him from the PLUS program. ECF 79 at 6-7. Thus, it only remains to be determined whether Ruby has provided sufficient evidence of causation. To demonstrate causation, Ruby must show, based on admissible evidence, "a causal link between the protected act and the alleged retaliation." *Woodruff v. Mason*, 542 F.3d 545, 551 (7th Cir. 2008) (internal quotations omitted).

The defendants argue the undisputed evidence shows they removed Ruby from the PLUS program not because he made complaints to PLUS Director Thomas, but because he failed to perform his duties as a suicide companion on July 7, 2018. ECF 79 at

3

6-7. Specifically, they provide a copy of an email chain discussing the July 7, 2018, suicide attempt, which shows the following: At 10:12 p.m. on July 7, 2018, a non-party IDOC employee sent an email to Warden Sevier informing him that an inmate on suicide watch had attempted suicide. ECF 78-1 at 2. At 10:20 p.m., Warden Sevier emailed IDOC employee Chad Cornett and directed him to "review the cameras and see if rounds were made correctly." *Id.* At 10:26 p.m., Warden Sevier emailed Cornett to "Review suicide companion actions also on camera." *Id.* At 10:28 p.m., Cornett responded to Warden Sevier that "The suicide companion didn't get up once." *Id.* at 1. At 10:34 p.m., Warden Sevier forwarded this message to Unit Team Manager Hood, stating "Dennis remove him from plus program." *Id.* On July 9, 2018, Unit Team Manager Hood forwarded this email to PLUS Director Thomas and instructed her to "Please remove him ASAP." *Id.* PLUS Director Thomas replied, "Consider it done." *Id.* None of the emails identify Ruby as the suicide companion in question.

Warden Sevier attests the only reason he instructed Unit Team Manager Hood to remove Ruby from the PLUS program was because he was informed by Cornett, a non-party IDOC employee, that Ruby had not performed his duties as a suicide companion. ECF 78-2 at 2. In his response, Ruby does not dispute that Warden Sevier removed him from the PLUS program after being informed by Cornett that he had not performed his duties as a suicide companion. ECF 103 at 4. Instead, Ruby argues that Cornett was lying in his email to Warden Sevier, as he did perform his duties as a suicide companion. *Id.* at 4-6. However, even accepting as true that Cornett lied in his email to Warden Sevier, Ruby provides no evidence that Cornett acted with a retaliatory motive,

4

as Ruby does not argue or provide any evidence that Cornett was aware of his complaints to PLUS Director Thomas at the time he emailed Warden Sevier. Moreover, there is no evidence that Warden Sevier knew or had reason to know that Cornett was lying. Ruby argues Warden Sevier had a duty to independently review the camera footage rather than rely on information he received from Cornett (ECF 103 at 9), but he provides no evidence in support of this assertion. Thus, Warden Sevier has provided undisputed evidence he removed Ruby from the PLUS program not because of Ruby's complaints to PLUS Director Thomas, but because he was informed by Cornett that Ruby had not performed his duties as a suicide companion.

In response, Ruby provides no evidence Warden Sevier's decision to remove him from the PLUS program was in any way motivated by the complaints he made to PLUS Director Thomas. In fact, Ruby does not argue or provide any evidence that Warden Sevier was even aware of the complaints he made to PLUS Director Thomas, and Warden Sevier attests he has no recollection of ever hearing these complaints. ECF 78-2 at 2. Moreover, Warden Sevier attests that, at the time he emailed Unit Team Manager Hood to remove Ruby from the PLUS program, he was not even aware that Ruby was the suicide companion being discussed. *Id.* Ruby responds that, although the defendants did not mention him by name in the email chain, "additional conversations and forms of communication must have been utilized to verify [his] identity." ECF 103 at 6-7. But Ruby provides no evidence in support of this argument other than his own speculation. *See Trade Fin. Partners, LLC v. AAR Corp.*, 573 F.3d 401, 407 (7th Cir. 2009) ("inferences relying on mere speculation or conjecture will not suffice" to create a

5

genuine dispute). Thus, because there is no evidence that either Warden Sevier or Cornett were aware of Ruby's complaints to PLUS Director Thomas at the time Warden Sevier made the decision to rely on Cornett's information and remove Ruby from the PLUS Program, no reasonable jury could conclude that Ruby's protected First Amendment activity was a motivating factor in Warden Sevier's decision to remove Ruby from the PLUS Program. Summary judgment is warranted in favor of Warden Sevier on Ruby's claim for monetary damages.

Unit Team Manager Hood attests the only reason he directed PLUS Director Thomas to remove Ruby from the PLUS program was because Warden Sevier directed him to do so via email, and he did not have the authority to override Warden Sevier's decision. ECF 78-3 at 2. In his response, Ruby does not dispute these attestations. ECF 103 at 10. Instead, he argues Unit Team Manager Hood had a duty to independently review the camera footage to determine whether he had performed his duties as a suicide companion. *Id.* Again, Ruby provides no evidence in support of this assertion. Regardless, even assuming Unit Team Manager Hood had a duty to independently review the camera footage, his failure to perform this duty does not show he removed Ruby from the PLUS program in retaliation for protected First Amendment activity. Ruby provides no evidence that Unit Team Manager Hood was aware of the complaints he made to PLUS Director Thomas, and Unit Team Manager Hood attests he has no recollection of hearing these complaints. ECF 78-3 at 2. Thus, because it is undisputed Unit Team Manager Hood removed Ruby from the PLUS program because Warden Sevier directed him to do so, and Ruby provides no evidence Unit Team Manager Hood

6

removed him from the PLUS program due to the complaints he made to PLUS Director Thomas, no reasonable jury could conclude Ruby's First Amendment activity was a motivating factor in Unit Team Manager Hood's decision to remove him from the PLUS program. Summary judgment is warranted in favor of Unit Team Manager Hood on Ruby's claim for monetary damages.

PLUS Director Thomas attests the only reason she removed Ruby from the PLUS program was because Unit Team Manager Hood and Warden Sevier directed her to do so via email, and she did not have the authority to override their decision. ECF 78-4 at 2. Ruby responds that PLUS Director Thomas "did have the authority to override" Warden Sevier and Unit Team Manager Hood's decision to remove him from the PLUS program (ECF 103 at 10-11), but he provides no evidence in support of this assertion. Ruby cites to the IDOC policy governing the PLUS program, but this policy does not indicate that PLUS Director Thomas had any authority to override Unit Team Manager Hood and Warden Sevier's decision to remove an inmate from the PLUS program. ECF 102-1. Ruby also argues that PLUS Director Thomas did not investigate his complaints regarding inadequate lighting in the suicide watch cells, and instead threatened to remove him from the PLUS program if he kept making complaints. ECF 103 at 11-13. But the undisputed facts show that Ruby's complaints did not ultimately motivate PLUS Director Thomas' decision to remove him from the PLUS program, as it is undisputed she only removed Ruby from the PLUS program after she was ordered to do so and that she had no authority to override that order. Because the undisputed evidence shows PLUS Director Thomas only removed Ruby from the PLUS program

7

after she was required to do so, Ruby's protected First Amendment activity could not have motivated PLUS Director Thomas' decision to remove him from the PLUS program. Summary judgment is warranted in favor of PLUS Director Thomas on Ruby's claim for monetary damages.

Accordingly, summary judgment is warranted in favor of all three defendants on Ruby's claims for monetary damages. Moreover, because Ruby has not shown any defendant retaliated against him for protected First Amendment activity, summary judgment is warranted in favor of Warden Sevier on Ruby's claim for injunctive relief.

For these reasons, the court:

(1) GRANTS the defendants' motion for summary judgment (ECF 78); and

(2) DIRECTS the clerk to enter judgment in favor of the defendants and against Brian K. Ruby.

SO ORDERED on November 29, 2022

/s/JON E. DEGUILIO  
CHIEF JUDGE  
UNITED STATES DISTRICT COURT